SOPHIA M. DEBBINS *vs.* EDWARD W. FORSTER & another.

Suffolk. October 23, 1914. — November 25, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DE COURCY, JJ.

*Equity Jurisdiction,* For an accounting. *Election. Estoppel. Mortgage,* Of real estate.

In a suit in equity to redeem certain land from a mortgage and set aside the foreclosure of the mortgage and, by amendment, for an accounting, the plaintiff abandoned his claim to redeem and proceeded only on his prayer for an accounting. A master found that the defendant elected to hold the land as mortgagee in possession, and not as the purchaser at the foreclosure sale, until a certain day when he sold the land as owner in fee, both he and the purchaser acting in good faith, and received the purchase money, that the plaintiff relied on the defendant's election to hold as mortgagee in possession and on the consequent continuance of the plaintiff's right to redeem. *Held,* that, even if, as seemed to be the case, the foreclosure proceedings were sufficient to give the defendant a good title which he subsequently conveyed to the purchaser of the property, yet as between the plaintiff and him he was bound by his election to hold as mortgagee in possession so far as the question of an accounting was concerned until he parted with all his interest in the land and no longer could be regarded as mortgagee in possession.

BILL IN EQUITY, filed in the Superior Court on January 16 and amended on June 25, 1913, also amended on January 2, 1914, by the alleged owner of certain real estate in Medford to set aside the foreclosure of a mortgage made by the plaintiff to the defendant Carro and by him assigned to the defendant Forster, also, by amendment, for an accounting.

The case was referred to Ralph W. Bartlett, Esquire, as master. He filed a report and later a supplemental report. In these re-

ports the master made the findings that are stated in the opinion. The defendant Carro filed the following exceptions to the master's reports:

1. To the master's refusal to rule that the foreclosure proceedings of September 9 [1912] were sufficient as a matter of law to give the defendant Samuel Carro title by virtue of the sale on the above date.

2. To the master's refusal to rule that the sale of November 29 [1912] was sufficient as a matter of law to give the defendant Samuel Carro title by virtue of the sale on the above date.

3. To the master's refusal to rule that the petitioner if entitled to an accounting is entitled to have an accounting up to September 9, 1912.

4. To the master's refusal to rule that if the petitioner is entitled to an accounting she is entitled to have an accounting up to November 29, 1912.

5. To the master's refusal to rule that the defendant Samuel Carro is entitled to the full amount of $90 reserved at the inception of the transaction as a bonus and that the same cannot be apportioned in the accounting.

6. To the master's refusal to rule that the defendant Samuel Carro is entitled to interest for two years allowed on his mortgage in the absence of positive proof from the plaintiff that said Samuel Carro reinvested the money received from the sale of said property and at the same rate of interest charged or reserved against the plaintiff.

7. To the master's refusal to rule that the defendant Carro was not mortgagee in possession up to the time he sold the property to Yuill, to whom he contracted to sell the same on October 15, 1912, but was the owner of the property in fee, by virtue of the sale on September 9.

8. To the master's refusal to rule that the plaintiff is not entitled to an accounting up to October 7, when the defendant Carro entered into an agreement with Yuill for the sale of said property. The agreement between the defendant Carro and Yuill does not as a matter of law ratify the sale of September 9 if said sale was insufficient as a matter of law to vest title in the defendant Carro.

9. To the master's refusal to rule that, if said Samuel Carro is mortgagee in possession, it is immaterial that he executed an

agreement to sell to Yuill so far as the plaintiff is concerned, and if he is still mortgagee in possession the accounting should be had between the parties up to the date of the filing of the bill, and not up to October 7.

10. To the master's refusal to rule that the plaintiff has estopped herself from denying that the defendant Carro was the owner of the fee since September 9 by reason of her paying rent after that date, and recognizing him as the landlord.

11. To the master's refusal of the defendant Carro's request that the letter addressed to him by the counsel for the plaintiff remitting rent for the month of September be incorporated in the report and made a part thereof.

12. To the finding of the master in his amended report that the defendant has elected as a matter of fact to be a mortgagee in possession, since that is a question of law rather than fact.

The case was heard by *Jenney,* J., who made the following memorandum of decision: "The report and supplemental report of the special master have been confirmed by a decree providing for an allowance to the defendant Carro of $90 as bonus instead of $26.25 only as allowed by the master.

"This change increases by the amount of $63.75 the amount to be allowed to the defendant Carro on an accounting, and leaves on said accounting $218.55 due the plaintiff, providing the plaintiff is entitled to a decree for any amount.

"A final decree is to be entered for the plaintiff as against the defendant Carro and in favor of the defendant Forster in the form hereto annexed."

A final decree was entered, reciting that, except as stated above, the master's reports had been confirmed and that the exceptions of the defendant Carro thereto had been overruled, and further reciting, "it appearing that the plaintiff does not now claim to be entitled to redeem the premises described in the bill and the amendments thereto from the mortgage referred to therein but that said bill ought to be retained for an accounting between the plaintiff and the defendant Carro as to a balance due to the plaintiff from said defendant, a surplus received by him as mortgagee above the amount which he is entitled to retain as such mortgagee, and it appearing to the court that there is due from said Carro to the plaintiff on said accounting $218.55 with in-

terest from January 16, 1913, and the interest on said amount to January 10, 1914, amounting to twelve and 90-100 ($12.90) dollars," therefore ordering "that the defendant Samuel Carro pay to the plaintiff $231.45 and $68.38 as costs of court, and that execution issue in favor of the plaintiff for said amounts against said Carro. Bill is to be dismissed as against the defendant Forster without costs."

The defendant Carro appealed from the order disallowing his exceptions to the master's reports, and also appealed from the final decree.

The case was submitted on briefs.

*W. Hirsh,* for the defendant Carro.

*H. D. Campbell,* for the plaintiff.

HAMMOND, J. This was a bill in equity originally brought to set aside the foreclosure of a mortgage and for an accounting. The case is before us upon appeals by the defendant Carro from the order overruling his exceptions to the master's report and from the final decree.

In the course of the proceedings the plaintiff abandoned her claim to be entitled to redeem; and the bill was held only for an accounting between the plaintiff and Carro. The first, second, third, fourth, seventh, eighth, ninth, tenth and twelfth exceptions relate to the effect of the foreclosure proceedings of September 9, 1912. The defendant Carro contended in substance that these proceedings worked a valid foreclosure and that he became thereby the owner in fee, and that the accounting should be only up to that date. The plaintiff contended that these proceedings did not work a valid foreclosure, and further, that, even if they did, Carro had elected to hold as a mortgagee in possession. The master found that Carro elected to hold as a mortgagee in possession. We think this general finding justified by the subsidiary findings in the report. It further appears in the report that this was the understanding of the plaintiff, and that she relied upon the right to redeem as still outstanding. As between the plaintiff and Carro, the election should stand so far as respects the question of accounting, at least so long as Carro held the land.

But on October 7, 1912, Carro sold the property to one Yuill, free from all incumbrances except certain first mortgages and taxes. He sold as owner in fee. The master has found that the

sale was "a *bona fide* transaction entered into in good faith by both parties," and that the consideration was $1,250, which was received by Carro partly in cash with a note for the balance which has since been paid.

By this transaction Carro parted with all his interest in the land. He no longer could be regarded as holding as mortgagee in possession. Under these circumstances equity requires that up to and including the sale to Yuill he must be held to his agreement with the plaintiff as holding as mortgagee in possession, so far as respects the period to be covered by the accounting. And that would be so, even if, as contended by the defendant (and we think rightly), the foreclosure proceedings were sufficient to enable him to convey the fee to Yuill. The result is that the third, fourth and twelfth exceptions should be overruled, as not in accordance with law, and the first, second, seventh, eighth and ninth as immaterial. The sixth exception is untenable and was properly refused. Interest was to be paid on the mortgage note at the rate of six per cent per year. The tenth and eleventh exceptions also should be overruled. The error in overruling the fifth exception is corrected by the final decree. The result is that the final decree should be affirmed, and it is

*So ordered.*